United States District Court
for the
Southern District of Florida

| Camilo Cola Filho, Appellant, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Bankruptcy Appeal |
| | ) | Case No. 19-24553-Civ-Scola |
| Elias Mubarak, Jr., as foreign representative, and others, Appellees. | ) ) ) | |

**<u>Order Denying Expedited Amended Motion for a Stay Pending Appeal</u>**

Appellant Camilo Cola Filho seeks an expedited ruling on his amended motion for a stay pending his appeal of a bankruptcy judge's discovery order ordering that he produce documents and sit for a deposition. (Appellant's Am. Mot., ECF No. 8.) In order to facilitate the expedited ruling, the Court ordered Appellee Elia Mubarak, Jr., as the foreign representative, to respond within an abbreviated time frame. Mubarak complied, filing his opposition to the stay, on December 3, 2019. (Appellee's Resp., ECF Np. 16.) The Court afforded Cola Filho an opportunity to reply to Mubarak's response, but he has not and the time to do so has passed. After careful review, the Court does not find a stay warranted and therefore **denies** Cola Filho's expedited amended motion (**ECF No. 8**.)

The bankruptcy court here initially granted, without prejudice, Cola Filho's motion to quash Mubarak's subpoena requiring Cola Filho to produce documents and to appear for a deposition. The bankruptcy court's initial ruling was based on its finding that the evidence then before the Court was insufficient to show that Mubarak had properly effected substitute service of the subpoena on Cola Filho under Federal Rule of Civil Procedure 45(b)(1). After conducting further discovery, however, Mubarak asked the bankruptcy to reconsider its order to quash. Following its review of the newly supplied evidence, the bankruptcy court determined that the service of the subpoena had indeed been sufficient under Rule 45 and therefore denied Cola Filho's motion to quash. Cola Filho, through this action, seeks to appeal the bankruptcy court's order granting the motion to reconsider and denying Cola Filho's motion quash. To that end, Cola Filho now asks the Court to stay that order, thus protecting him from having to produce the requested documents or sit for the deposition while the Court considers Cola Filho's appeal.

A party seeking a stay pending appeal must show (1) a substantial likelihood that the movant will prevail on the merits of the appeal; (2) a

substantial risk of irreparable injury to the movant unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *In re Woide,* 730 Fed. Appx. 731, 737 (11th Cir. 2018), *cert. denied sub nom. Woide v. Fed. Nat. Mortg. Ass'n,* 139 S. Ct. 481 (2018) (quotations and citations omitted). Because the Court finds Cola Filho has not established a substantial likelihood that he will prevail on the merits, the Court does not find a stay warranted.

In order for Cola Filho to succeed on his appeal, he will have to establish that the bankruptcy court's discovery order is actually appealable. The Court finds no indication that it is. To begin with, the order is not appealable as a final order. Bankruptcy court orders are final and therefore appealable when they dispose of discrete disputes within the larger bankruptcy case and leave nothing for the bankruptcy court to do but execute a judgment. *See In re Celotex Corp.,* 700 F.3d 1262, 1265 (11th Cir. 2012) (finding "bankruptcy court's ruling that it has exclusive jurisdiction to adjudicate [claim] certainly does not resolve the litigation [but] merely identifies the forum in which the claim will be heard"); *see also Carpenter v. Mohawk Indus., Inc.,* 541 F.3d 1048, 1052 (11th Cir. 2008), *aff'd,* 558 U.S. 100 (2009) (concluding that an order requiring a party to produce discovery was not immediately appealable as a final order). The order at issue here, regarding whether service of a subpoena was properly effected, does not "finally dispose of an entire claim on which relief may be granted, and therefore [will] generally [be] treated as interlocutory and not appealable as of right." *In re Towers Fin. Corp.,* 164 B.R. 719, 720 (S.D.N.Y. 1994).

Cola Filho's insistence to the contrary, as presented in his motion for a stay, is unavailing. First, an order isn't appealable as of right simply because it is granted or denied under Federal of Civil Procedure 60(b). Instead, such orders are only considered final where the reconsideration order finally settles the underlying matter at issue in the litigation. *Delaney's Inc. v. Illinois Union Ins. Co.,* 894 F.2d 1300, 1305 (11th Cir. 1990); *see also Snellman v. Ricoh Co., Ltd.,* 902 F.2d 43 (Fed. Cir. 1990) ("An order denying a Rule 60(b) motion is not final or appealable when the order did not dispose of all matters pending between the parties in the litigation.") Here, the reconsideration order is simply an order regarding service of a discovery request that does not fully resolve the litigation before the bankruptcy court. To be sure, if the reconsideration order were to be affirmed, discovery would simply proceed. If the order were to be reversed, Mubarak will have to attempt to re-serve Cola Filho.

Cola Filho's reliance on *In re Barnet,* 737 F.3d 238, 244 (2d Cir. 2013), is also misplaced. In that case, the issue before the court, as relevant here, was whether discovery could proceed at all. Here, it is merely the *service* of a

discovery request that is at issue, not the propriety of the underlying discovery request itself that is being challenged. In *Barnet*, in contrast, the order ultimately being challenged was whether the debtor petitioner was statutorily authorized to proceed at all.

Additionally, the reconsideration order does not appear to be immediately appealable under the collateral-order doctrine. *See Swint v. Chambers County Com'n*, 514 U.S. 35, 42 (1995) (noting that the collateral order doctrine only applies to a "small category [of] decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action"). To begin with, although Cola Filho summarily submits that the issues addressed in the reconsideration order "implicate[] important constitutional and due process questions regarding service of subpoenas," "discovery orders generally do not present 'important questions' warranting collateral review." *Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1322 (11th Cir. 2016). Nothing Cola Filho presents in his motion convinces the Court that the service question at issue here implicates an important question. Further, in order to obtain appellate review, "a party may defy the [discovery] order, permit a contempt citation to be entered against him, and challenge the order on direct appeal of the contempt ruling." *Drummond*, 816 F.3d at 1325 (citing *U.S. v. Ryan*, 402 U.S. 530, 532 (1971) ("[O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey.")); *see also In re Grand Jury Subpoena*, 709 F.3d 1027, 1030 (10th Cir. 2013) (noting that "requiring the witness to violate the subpoena and risk a contempt citation puts the objecting person's sincerity to the test") (quotations omitted). Here, then, the bankruptcy court's reconsideration order would be effectively reviewable on appeal if Cola Filho were to appeal a contempt order issued as a result of his defiance of the discovery order.

Furthermore, Cola Filho has not persuaded the Court that the bankruptcy court's order is appealable as an interlocutory order. Interlocutory appeals are permitted when (1) the appealed order contains a "controlling question of law;" (2) as to which there is a "substantial ground for difference of opinion;" and (3) an immediate appeal of the order may "materially advance the ultimate termination of the litigation." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007). First, Cola Filho provides little convincing support for his bare contention that the

reconsideration order contains a controlling question of law or a substantial ground for difference of opinion. Most importantly, however, Cola Filho's immediate appeal of the order will not materially advance the ultimate termination of the litigation. A determination regarding the propriety of service of the subpoena on Cola Filho will not fully resolve the issues between the parties and terminate the litigation: if service is quashed, Mubarak may attempt to effect service on Cola Filho once again; if service is not quashed, discovery and the deposition may proceed, subject to further involvement from the bankruptcy court. Cola Filho has not supplied support for a contrary conclusion.

Because the Court finds it unlikely that the reconsideration order is even appealable, never mind substantively meritorious, it is unpersuaded by Cola Filho's argument that he has established either a probability of success on the merits or even a substantial case on the merits. As such, the Court **denies** his expedited motion for a stay (**ECF No. 8**).

**Done and ordered** at Miami, Florida, on December 9, 2019.

_____
Robert N. Scola, Jr.
United States District Judge